**SEALED**

McGREGOR W. SCOTT
United States Attorney
KENNETH J. MELIKIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814

**FILED**

MAR 12 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2 08 - MJ - 0086 DAD |
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER SEALING THE COMPLAINT AND AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KENNETH J. MELIKIAN; [PROPOSED] ORDER |
| v. | |
| LAVON CARTER, Jr., | |
| Defendant. | **(UNDER SEAL)** |

    Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Kenneth J. Melikian, applies to the court for an order sealing the complaint and complaint affidavit in this case until the arrest of the defendant, or until further order from this court. This application is based on the attached memorandum of points and authorities, and declaration of Kenneth J. Melikian.

DATED: March 12, 2008          Respectfully submitted,

                               McGREGOR W. SCOTT
                               United States Attorney

                               By /s/ _____
                                  KENNETH J. MELIKIAN
                                  Assistant U.S. Attorney

MEMORANDUM OF POINTS AND AUTHORITIES

In its application, the United States has asked this court to seal the complaint and complaint affidavit until the arrest of the defendant, or until further order of this court. The Ninth Circuit has held on at least two occasions that federal district courts have the inherent power to seal affidavits filed in appropriate circumstances. <u>Offices of Lakeside Non-Ferrous Metals, Inc. v. United States</u>, 679 F.2d 779 (9th Cir. 1982); <u>United States v. Agosto</u>, 600 F.2d 1256 (9th Cir. 1979). This inherent power may appropriately be exercised when disclosure of the affidavit would disclose facts which would interfere with an ongoing criminal investigation. <u>Shea v. Gabriel</u>, 520 F.2d 879 (1st Cir. 1979).

In the present case, as is set forth in the attached Declaration of Assistant United States Attorney Kenneth J. Melikian, disclosure of the complaint affidavit will jeopardize the success of the ongoing investigation because if the defendant learns that a federal criminal complaint has been filed against him, he may flee, and make his apprehension very difficult, if not impossible.

Accordingly, the government requests an order sealing the complaint and complaint affidavit, as well as the entire government's application, and court's order, until the arrest of the defendant, or until further order of the court.

**DECLARATION OF KENNETH J. MELIKIAN**

I, Kenneth J. Melikian, do hereby declare:

1. I am the Assistant United States Attorney for the Eastern District of California, and I the Assistant assigned to prosecute this case.

2. The defendant's current whereabouts are unknown. FBI Special Agent David Sesma fears that if the defendant were to learn that a federal criminal complaint has been filed against him, it could be exceedingly difficult to locate and apprehend the defendant.

DATED: March 12, 2008           McGREGOR W. SCOTT
                                United States Attorney

                                By /s/ Kenneth J. Melikian
                                KENNETH J. MELIKIAN
                                Assistant U.S. Attorney

**ORDER**

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that, the complaint and complaint affidavit, the government's application, including the memorandum of points and authorities and the declaration of Kenneth J. Melikian, and this order, be sealed until the arrest of the defendant, or until further order from this court.

IT IS SO ORDERED

March 12, 2008

_____
THE HONORABLE DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE